# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

MARIO ZUNIGA,

    Plaintiff,

    v.                                  Case No. 19-13300

J.A. TERRIS, et. al.,

    Defendants,

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE

This matter is before the court on Plaintiff's *pro se* civil rights complaint and application to proceed without prepayment of costs and fees. Plaintiff is an inmate at the Federal Correctional Institution in Allenwood, Pennsylvania. Upon review of Plaintiff's application to proceed without prepayment of fees and costs and the balance statement of his prison trust account, the court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

## I. DISCUSSION

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914(a); *see also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $50.00 administrative fee, when he filed his complaint. Although Plaintiff originally filed an application to proceed *in forma pauperis*,

this application did not satisfy the requirements to proceed without prepayment of fees and costs under the Prisoner Litigation Reform Act of 1995 (PLRA). Magistrate Judge R. Steven Whalen signed an Order of Deficiency on November 13, 2019, directing Plaintiff to provide an application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. (ECF No. 4, PageID.14.)

When a plaintiff makes an untrue allegation of poverty, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Redd v. Redmon*, No. 99-6001, 2000 WL 658291, at * 1 (6th Cir. May 9, 2000) ("Section 1915(e)(2)(A) requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue"); *Jones v. Michigan Dep't of Human Servs.*, No. 12-14466, 2013 WL 640771, at * 2 (E.D. Mich. Feb. 21, 2013).

On November 26, 2019, Plaintiff submitted an application to proceed without prepayment of fees and costs, along with the supporting documentation. A review of these documents shows that Plaintiff currently has a spendable account balance in his prison trust account of $2,092.50, which is more than sufficient to cover the fee to file a civil action. (ECF No. 6, PageID.18.) Accordingly, Plaintiff's allegations of poverty are untrue, and the court is required to dismiss the case pursuant to 28 U.S.C. § 1915. The court will dismiss the case without prejudice.

## II. CONCLUSION

For the reasons explained above,

IT IS ORDERED that the application to proceed without prepayment of fees and costs is DENIED and the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(A).

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2019
I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\19-13300.ZUNIGA.1915.dismissal.DB.HEK.docx